UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER CARTER and LOGAN PENDERGRASS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DULUTH HOLDINGS, INC., d/b/a DULUTH TRADING COMPANY,<br><br>Defendant. | Case No. 2:26-cv-3600<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[CLERK'S ACTION REQUIRED]**<br><br>[King County Superior Court, Case No. 26-2-27400-2 KNT] |

Defendant Duluth Holdings, Inc., d/b/a Duluth Trading Company ("Duluth"), respectfully gives notice of the removal of this matter to the United States District Court for the Western District of Washington at Seattle. Removal is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). This matter is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000, exclusive of costs and interest, is alleged to include more than 100 members in the proposed putative class, and is between citizens of different states. 28 U.S.C. § 1332(d). Finally, Plaintiffs Jennifer Carter and Logan Pendergrass have pleaded actual injury sufficient to establish this Court's Article III standing.

## I. <u>BACKGROUND</u>

On August 24, 2026, Plaintiffs Jennifer Carter and Logan Pendergrass, purportedly on their own behalf and on behalf of others similarly situated, filed the above-captioned lawsuit with a



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

stated venue of King County Superior Court, Case No. 26-2-27400-2 KNT ("King County Action"). On or about August 25, 2026, Plaintiffs served Duluth with the Summons and Complaint in the King County Action through its registered agent, CT Corporation System. A true and correct copy of the Complaint filed in the King County Action is attached to the Declaration of Erin Wilson ("Wilson Decl.") as part of Exhibit 2.[1] Plaintiffs allege that Duluth sent Plaintiffs and other Washington residents commercial marketing emails containing false or misleading subject lines about the duration and pricing of its sales, in violation of the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020(1)(b), and that each such CEMA violation is a per se violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.020.[2] Compl. ¶¶ 3, 11, 21, 26, 37, 39, 41, 106–08, 119.

## II. REMOVAL UNDER CAFA

### A. Requirements for Removal

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any civil action over which the United States district courts have original jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

This Court has original jurisdiction over this action under CAFA. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (5). Because this

[1] In filing this Notice of Removal, Duluth does not waive and expressly reserves all defenses available under Federal Rule of Civil Procedure 12.

[2] Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiffs' theories of liability, class allegations, damages, or the like—all of which Duluth expressly denies—or a waiver of any of Duluth's rights or defenses. Duluth reserves the right to supplement and amend this Notice of Removal.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a).

The United States Supreme Court clarified the standards for removal under CAFA in its 2014 decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). The Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading. *Id.* Furthermore, the *Dart Cherokee* decision held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 89 (citation omitted).

Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively"); *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 929 (9th Cir. 2015) (concluding district court erred "by applying a 'strong presumption against removal jurisdiction'").

**B. <u>The Requirements for Removal under CAFA Are Satisfied.</u>**

*1. The Proposed Class Includes At Least 100 Members*

Plaintiffs seek to certify a class of "[a]ll Washington residents who, during the Class Period and while present in Washington, received one or more commercial electronic mail messages from Defendant with subject lines either (i) stating a sale, discount, or price would end at a specified date but the same sale, discount, or price was extended upon expiration; or (ii) stating a sale, discount, or price is time limited, ending, or tethered to a holiday or event, when Defendant reinstated the same or comparable sale, discount, or price for a longer time." Compl. ¶ 79. Plaintiffs do not limit the Class to any fixed list of emails. Instead, the Complaint identifies representative subject lines in a table at paragraph 22, which Plaintiffs state are "examples and are not exhaustive," and Plaintiffs further allege that Duluth is "constantly sending commercial emails" to



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

its mailing list, "typically multiple times a week," many of which allegedly "include false or misleading subject lines regarding time limits on discounts." *Id.* ¶¶ 22, 41. Plaintiffs also reserve the right to propose additional subclasses at class certification. *Id.* ¶ 80. Plaintiffs define the Class Period as "beginning on the date established by the Court's determination of any applicable statute of limitations and ending on the date a class certification order is entered in this action," and allege that "the statute of limitations begins no later than the date four years before this Complaint is filed," with each allegedly violating email constituting "a separate and discrete violation that accrues upon transmission." *Id.* ¶ 81. Further, Plaintiffs claim that the proposed Class "contains members so numerous that separate joinder of each member of the class is impractical" and allege that "[t]here are *at least tens of thousands* of Class Members in Washington," identifiable through Duluth's "electronic mailing lists, internal records, and public notice." *Id.* ¶¶ 83, 84 (emphasis added).

*2. The Alleged Amount in Controversy Exceeds $5 Million*

A notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra*, 775 F.3d at 1195 ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart Cherokee*).

Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff contests the allegation, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id.* at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart Cherokee*); *Arias v. Residence Inn by*



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

*Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42 (2005).

Again, Duluth denies Plaintiffs' substantive allegations, the appropriateness of class treatment, and that Plaintiffs are entitled to any of the relief sought in the Complaint. Nor does Duluth waive any defense with respect to any of Plaintiffs' claims. Nevertheless, Duluth has calculated the amount in controversy for purposes of this notice by taking Plaintiffs' allegations in the Complaint at face value and aggregating claims of alleged individual class members pursuant to 28 U.S.C. § 1332(d)(6). Plaintiffs' allegations place the amount in controversy on Plaintiffs' CEMA and CPA claims well above $5,000,000, exclusive of interest and costs.

Plaintiffs seek statutory damages for each allegedly violating email, alleging that they are "entitled to seek, and do seek, the greater of actual damages or statutory damages for each email that violates CEMA, in the following amounts: $500 for each violating email Defendant transmitted before June 11, 2026, and $100 for each violating email Defendant transmitted on or after June 11, 2026."[3] Compl. ¶ 117. Plaintiffs further allege that "[e]ach commercial electronic mail message transmitted in violation of CEMA is a separate and discrete violation that accrues upon transmission." *Id.* ¶ 81. Plaintiffs additionally seek treble damages under the Washington

---

[3] Effective June 2026, the Washington Legislature amended RCW 19.190.040(1) to reduce the damages for receipt of a violative email or text message from $500 to $100. Engrossed Substitute H.B. 2274, 69th Leg., Reg. Sess. (Wash. 2026) ("ESHB 2274"). Moreover, the amendment to RCW 19.190.040(1) "applies to all causes of action commenced on or after the effective date of this section, regardless of when the cause of action arose." ESHB 2274, § 3. Plaintiffs commenced this action on August 24, 2026. The $100 figure therefore applies to every message at issue, and Plaintiffs' allegation that a $500 figure governs messages transmitted before June 11, 2026 (Compl. ¶ 117) does not reflect the statute as amended. Duluth applies the $100 figure solely for purposes of establishing the amount in controversy, and denies that Plaintiffs are entitled to statutory damages, treble damages, or any other relief. Duluth further denies that statutory damages accrue on a per-message basis and reserves all defenses as to the measure, availability, and application of damages under Washington law.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

Consumer Protection Act, RCW 19.86.090.[4] *Id.* ¶¶ 117, 121(C). For purposes of this Notice, and without conceding that Plaintiffs may recover statutory damages at all, Duluth applies the $100 per-message figure prescribed by the Legislature's 2026 amendment to RCW 19.190.040(1), which by its terms governs this action.

Plaintiffs claim that Duluth initiated the transmission of commercial emails containing false or misleading subject lines to Plaintiffs and the putative class members and identify representative subject lines in a table at paragraph 22 of the Complaint that Plaintiffs expressly describe as "examples and are not exhaustive." *Id.* ¶¶ 22, 94, 96. Plaintiffs allege that Duluth is "constantly sending commercial emails to recipients on its website's mailing list, typically multiple times a week." *Id.* ¶ 41. Plaintiff Pendergrass alleges that he received at least twenty such emails, each identified by subject line and date, between January 25, 2023, and November 30, 2025. *Id.* ¶ 70. Plaintiff Carter alleges on information and belief that she received all emails identified in paragraph 22 and, at minimum, three identified emails sent on October 26, November 29, and November 30, 2025. *Id.* ¶ 64. Plaintiffs allege that the proposed Class "contains members so numerous that separate joinder of each member of the class is impractical" and that "[t]here are at least tens of thousands of Class Members in Washington," identifiable through Duluth's "electronic mailing lists, internal records, and public notice." *Id.* ¶¶ 83, 84.

Taking these allegations at face value, the jurisdictional threshold is met (and exceeded) without regard to treble damages or attorneys' fees. The Complaint can conservatively be read to interpret "at least tens of thousands" as meaning no fewer than 20,000 Washington class members.

[4] Duluth recognizes that under well-established Washington law, for a CPA claim, "treble damages may only be based upon actual damages." *See Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 565, 825 P.2d 714 (1992). However, Duluth bases its damages calculations on Plaintiffs' apparent good faith allegations. *Flores v. Safeway, Inc.*, 2019 WL 4849488, at *3 (W.D. Wash. Oct. 1, 2019) ("A particularly powerful form of evidence" that satisfies the amount in controversy requirement and establishes federal jurisdiction "is the plaintiff's own statements about the damages they seek."); *see also Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) (A party's "potential defense to [a] state court action that [a] damages limitation restricts recovery [below a jurisdictional threshold amount] . . . does not preclude federal jurisdiction.").



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

*Id.* ¶ 83. At the $100 per-message figure, the $5,000,000 threshold is exceeded once the aggregate number of allegedly violating messages exceeds 50,000. Plaintiffs' own allegations describe a volume far greater than that, and Plaintiffs seek far more than $100 per message.

Plaintiffs' Complaint alleges a far greater message volume: a class of at least tens of thousands of members, each of whom received one or more qualifying messages, drawn from a stream of commercial emails transmitted "multiple times a week" across a Class Period that Plaintiffs allege begins no later than four years before filing and extends through entry of a class certification order, with each message pleaded as a separate and discrete violation. *Id.* ¶¶ 41, 79, 81, 83. On Plaintiffs' allegation that a single Plaintiff received at least twenty qualifying messages, a class of 20,000 members receiving a comparable number would place $40,000,000 in controversy. *Id.* ¶¶ 70, 83. Even assuming only three qualifying messages per class member, the aggregate amount in controversy is $6,000,000. *Id.* ¶¶ 83, 117. If Plaintiffs' treble damages demand is given effect, each figure would triple. *Id.* ¶ 121(C); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) ("If the claim was 'apparently made in good faith,' then the sum claimed by the plaintiff controls for removal purposes unless 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'").

Finally, Plaintiffs also seek attorneys' fees and costs. Compl. ¶ 121(F). Attorneys' fees should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Duluth denies Plaintiffs' claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001). Applying that benchmark to the conservative statutory damages figure of $6,000,000 (20,000 class members x 3 messages x $100) calculated above would add an additional $1,500,000, bringing the total amount in controversy to $7,500,000. Applying it to the $40,000,000 figure would add an additional $10,000,000. On either calculation, the amount in controversy exceeds CAFA's $5,000,000 threshold.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

*3. Minimum Diversity Exists*

Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (The "'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," typically the corporation's headquarters). Duluth is a corporation organized under the laws of the State of Wisconsin with its principal place of business in Wisconsin. Indeed, the Complaint itself alleges that "Defendant Duluth Holdings, Inc. d/b/a Duluth Trading Company is a Wisconsin corporation with its principal place of business in Wisconsin." Compl. ¶ 15. Duluth is therefore a citizen of Wisconsin for purposes of 28 U.S.C. § 1332(c) and § 1332(d)(2). Duluth's state of incorporation, principal place of business, and corporate citizenship are further set forth in the Corporate Disclosure and Diversity Statement filed concurrently with this Notice of Removal.

A person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff Jennifer Carter "is domiciled in King County, Washington and has been a citizen and resident of Washington during at least the preceding nine years," and that Plaintiff Logan Pendergrass "is domiciled in King County, Washington and has been a citizen and resident of Washington during at least the preceding five years." Compl. ¶¶ 12, 13. The Complaint further alleges that "[t]he proposed class includes citizens of Washington." *Id.* ¶ 14. Moreover, Plaintiffs seek to certify a class of "[a]ll Washington residents who, during the Class Period and while present in Washington, received one or more commercial electronic mail messages from Defendant" bearing the subject lines described in the class definition. *Id.* ¶ 79.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

Because Plaintiffs and the alleged class members are citizens of Washington, and Duluth is a citizen of Wisconsin, CAFA's diversity of citizenship requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).

**C. <u>No CAFA Exceptions Apply.</u>**

In certain limited circumstances, the Court may or must decline jurisdiction over matters that would otherwise satisfy CAFA's removal standard. None of those exceptions apply here.

The Court should not decline jurisdiction under the local controversy exception, 28 U.S.C. § 1332(d)(4)(A), or the home state exception, § 1332(d)(4)(B), because Duluth, the only defendant here, "is a Wisconsin corporation with its principal place of business in Wisconsin." Compl. ¶ 15. The discretionary exception, § 1332(d)(3), also does not apply, because it can only apply if the primary defendants are citizens of the state of Washington. . *Id.* ¶ 79. Nor do the government defendant, § 1332(d)(5)(A), or small group size, § 1332(d)(5)(B), exceptions apply to this action brought against Duluth, a private corporation, in which Plaintiffs seek to represent a class of "at least tens of thousands" of members. *Id.* ¶¶ 15, 83. Finally the CAFA carve out for claims related to securities or the internal governance of a business enterprise, § 1332(d)(9), does not apply to Plaintiffs' Complaint, which pleads only CEMA and CPA claims. *Id.* ¶¶ 89-119.

Accordingly, the King County Action does not fall within any exception to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiffs have the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

## III. <u>ARTICLE III STANDING</u>

Removal is also proper because this Court has subject matter jurisdiction. U.S. Const. art. III, §2; 28 U.S.C. §§ 1332(d)(2), 1441(a), 1453(b). Plaintiffs' own allegations establish the elements of Article III standing: an injury in fact, fairly traceable to Duluth's alleged conduct, that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). At the pleading stage, the question is whether the operative complaint alleges facts that, if proven, would establish standing; the Court need not decide the ultimate merits. *Id*. at 561.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

Plaintiffs' allegations do not rest on the bare receipt of commercial email.[5] They allege that they personally received emails whose subject lines affirmatively conveyed false information about the duration and pricing of Duluth's sales, that each email 'consumed Plaintiffs' time and attention,' that the misrepresented facts were ones on which they 'relied,' and that they were 'deprived of truthful information material to their purchasing decisions.' Compl. ¶¶ 22, 26, 37, 39, 64, 70, 75–76. Exposure to affirmatively deceptive content of that kind bears a close relationship to the harm addressed by common law fraud and misrepresentation. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424–25 (2021); *Six v. IQ Data Int'l, Inc.*, 129 F.4th 630, 634 (9th Cir. 2025). And the asserted harm need not be an exact duplicate of that traditional harm to be analogous for purposes of establishing Article III injury. *TransUnion LLC*, 594 U.S. at 424–25.

Plaintiffs' alleged injury is also redressable. Plaintiffs seek an injunction prohibiting Duluth from "transmitting commercial electronic mail messages containing false or misleading subject lines to Washington residents." Compl. ¶ 121(E); *see also id.* ¶¶ 78, 102, 118. That relief describes a predictable chain of events that would redress the alleged injury, and it is within this Court's power to award. *See Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 121 (2025). Duluth makes this jurisdictional showing in good faith and denies Plaintiffs' allegations in all respects. Nothing in this Notice concedes that Plaintiffs can establish any element of their claims, including injury to their business or property under the CPA.[6] Article III standing and the underlying merits of a state law claim are separate inquiries. *Jones v. Ford Motor Co.*, 85 F.4th 570, 573–75 (9th Cir. 2023).

---

[5] Again, Duluth denies Plaintiffs' substantive allegations and denies that Plaintiffs are entitled to any of the relief sought in the Complaint. Duluth does not waive any defense with respect to any of Plaintiffs' claims.

[6] The CPA requires a plaintiff to prove "injury to [his or her] business or property," RCW 19.86.090, a showing that is not coextensive with Article III's injury in fact requirement. A plaintiff may satisfy Article III standing yet fail to plead a cognizable injury under the CPA. *See Ford Motor Co.*, 85 F.4th at 573–75



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

## IV. THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

Signature. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed subject to Rule 11.

Venue. Pursuant to 28 U.S.C. § 1446(a), Duluth files this Notice of Removal in the United States District Court for the Western District of Washington at Seattle, which is the federal district court embracing the state court where Plaintiffs brought the King County Action—King County, Washington. *See* LCR 3(e).

Removal is timely. Duluth was served with the Summons and Complaint on August 25, 2026. This Notice of Removal is timely in that it is being filed within 30 days of Duluth's receipt of service of process of the Summons and the Complaint. *See* 28 U.S.C. § 1446(b)(1).

Consent. Duluth is not removing this case "solely under section 1441(a)," and thus it need not secure consent of all parties. *See* 28 U.S.C. § 1446(b)(2)(A).

Notice. Concurrently with the filing of this Notice of Removal, Duluth is giving written notice of removal to Plaintiffs and filing a copy of this Notice of Removal with the Clerk of the King County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Copy of Operative Complaint. Duluth is concurrently filing a copy of the operative complaint as a separate attachment labeled as the Complaint in accordance with LCR 101(b)(1).

Certificate of Service. Duluth is concurrently filing a certificate of service that lists all counsel who have appeared in the King County Action in accordance with LCR 101(b)(2).

Jury Demand. Plaintiffs filed a separate Jury Demand on August 24, 2026, demanding "a trial by a twelve-person jury in the above-entitled action upon all issues." Duluth is concurrently filing a copy of that demand in accordance with LCR 101(b)(3).

Civil Cover Sheet. Duluth is concurrently filing a completed Civil Cover Sheet (AO44) in accordance with LCR 101(b)(4).

Pleadings and Process. Duluth is concurrently filing true and complete copies of additional records and proceedings on file in the state court that will be submitted in accordance with LCR 101(b)(5). *See* Wilson Decl., Exs. 1–2.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and the claims should be adjudicated in this Court, as the action is properly removed thereto under 28 U.S.C. §§ 1441 and 1446.

## V. CONCLUSION

Duluth hereby removes this case to federal court and respectfully requests that this Court proceed with this action as if it had been originally commenced in this Court and make all orders necessary and appropriate to effectuate this removal.

DATED this 24th day of September, 2026.

BALLARD SPAHR LLP

By: */s/ Callie Castillo*
Callie Castillo, WSBA No. 38214

*/s/ Erin Wilson*
Erin Wilson, WSBA No. 42454
1301 2nd Avenue, Suite 2800
Seattle, WA 98101
Telephone: 206.223.7000
castilloc@ballardspahr.com
wilsonem@ballardspahr.com

*Attorneys for Defendant Duluth Holdings. Inc. d/b/a Duluth Trading Co.*